## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**CONSTANCE McMILLEN**                                                             **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 1:10-cv-00061-GHD-JAD**

**ITAWAMBA COUNTY SCHOOL DISTRICT;**                                              **DEFENDANTS**
**TERESA McNEECE,** in her official capacity as the
Superintendent of Itawamba County School District;
**TRAE WIYGUL,** in his official capacity as Principal of
Itawamba Agricultural High School; and **RICK MITCHELL,**
in his official capacity as Assistant Principal of Itawamba
Agricultural High School

### ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT

**COME NOW** Defendants, by counsel, and file this their Answer to First Amended Complaint, as follows:

### I. AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and, therefore, her civil action should be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

### SECOND DEFENSE

The actions taken by Defendants do not constitute violations of the United States Constitution, or any civil rights statute; rather, such actions were based on reasonable factors other than Plaintiff's sexual preference and were taken for legitimate, nondiscriminatory reasons.

### THIRD DEFENSE

Defendants deny that any impermissible factor played any role in the actions at issue in the Plaintiff's Amended Complaint.

**FOURTH DEFENSE**

Defendants' actions in withholding School District sponsorship of the school prom were permissible under *Tinker v. Des Moines Independent Community School District,* 393 U.S. 503 (1969).

**FIFTH DEFENSE**

Defendants' actions in reasonably concluding that a 20+ year old rule regarding attendance at school proms should continue to be imposed with respect to the 2010 school prom were justified on the basis that an anticipated and material disruption of the educational process at IAHS would not otherwise be prevented, thereby meeting the *Tinker* standard.

**SIXTH DEFENSE**

Defendants' actions were based upon its authority, consistent with fundamental constitutional safeguards, to proscribe and control conduct in the public schools that Defendants reasonably believed would cause substantial disruption of and material interference with school activities and the educational process at those schools, consistent with the *Tinker* standard.

**SEVENTH DEFENSE**

Defendants' actions were based upon its authority, consistent with fundamental constitutional safeguards, to proscribe and control conduct in the public schools that Defendants reasonably believed would cause substantial disruption of and material interference with school activities and the educational process at those schools, consistent with the *Tinker* standard.

**EIGHTH DEFENSE**

Defendants' actions were based upon the reasonable conclusion of the governing authority of ICSD that failure to take such actions, namely, failure to continue to impose a 20+ year old rule regarding attendance at the school prom, would impinge upon the rights of other students.

### NINTH DEFENSE

Plaintiff fails to state a ripe claim for injunctive relief. Her demand for injunctive relief is otherwise barred, because she lacks standing and her prayer for prospective relief does not represent an active controversy.

### TENTH DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as to Defendants by reason of the fact that any duty on the part of Defendants' officers and agents involved the use of discretion, and at no time did any governmental actor acting on behalf of Defendants substantially exceed his or her authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity. Defendants' reserve all rights to the defense of qualified immunity, and hereby assert the same as to any hereafter named individual Defendants.

### ELEVENTH DEFENSE

Plaintiff's civil action is barred under the doctrines of mootness, ripeness, lack of standing laches, waiver, estoppel and/or the doctrine of unclean hands.

### TWELFTH DEFENSE

Plaintiff's civil action is barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

### THIRTEENTH DEFENSE

To the extent Plaintiff has failed to comply with her duty to mitigate her claimed damages, her entitlement to which is expressly denied, such damages must be reduced.

### FOURTEENTH DEFENSE

Defendants assert any and all defenses and immunities, provided by *Miss. Code Ann*. §11-46-

1, *et seq*., and/or any other applicable federal and/or state statutes.

### FIFTEENTH DEFENSE

No policy, practice or custom of the Defendant District resulted in any constitutional deprivation as to Plaintiff, thus justifying dismissal of Plaintiff's federal claims.

### SIXTEENTH DEFENSE

Defendants state that to the extent Plaintiff is alleging any state law claims covered by the *Mississippi Tort Claims Act, Miss. Code Ann*. §11-46-1 *et seq.*, Defendants plead all applicable revisions and defenses of the Act, including, but not limited to, all applicable notice requirements, statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial. In addition to all defenses under the Mississippi Tort Claims Act, any state law claims are barred for lack of exhaustion under *Miss. Code Ann.* §11-51-75.

### SEVENTEENTH DEFENSE

Punitive damages are not permitted under these facts and violate the constitutional rights of each Defendant.

### EIGHTEENTH DEFENSE

Defendants affirmatively plead the protection of *Miss. Code Ann*. §85-5-7.

### NINETEENTH DEFENSE

Defendants state that to the extent Plaintiff's damages claim is speculative in nature, Plaintiff's claims are subject to dismissal.

### TWENTIETH DEFENSE

Punitive damages are not permitted under these facts and violate the constitutional rights of the Defendants.

## II. ANSWER

And, now, having fully pled their affirmative defenses, Defendants answer the allegations of the Plaintiff's Amended Complaint as follows:

1. The Defendants admit that the Plaintiff was a twelfth-grade student at Itawamba Agricultural High School ("IAHS") at the time of the filing of the Plaintiff's initial Complaint. The Defendants admit that IAHS is within the Itawamba County School District (the "District"). The Defendants admit that the Plaintiff is eighteen years of age. The Defendants admit that IAHS's prom was originally scheduled for April 2, 2010. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 1 of the First Amended Complaint.

2. The Defendants admit that the Plaintiff expressed that she wanted a female sophomore student at IAHS to attend the prom. The Defendants further admit that a true and correct copy of a Memorandum to all IAHS Juniors and Seniors from Sandy Prestage and Sandra Sabine is attached to the First Amended Complaint as Exhibit A, and that said Memorandum speaks for itself. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 2 of the First Amended Complaint.

3. The Defendants admit that Superintendent McNeece consulted with the School Board for the District. The Defendants further admit that Superintendent McNeece informed Plaintiff that female students must wear dresses to the prom. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 3 of the First Amended Complaint. On information and belief, Defendants affirmatively state that the Plaintiff did not desire or intend to wear a tuxedo to the prom.

4. The Defendants admit that a letter from Kristy Bennett and Christine Sun to Defendants Wiygul, McNeece and the District School Board, dated March 10, 2010, is attached to the First Amended Complaint as Exhibit B, and that said letter speaks for itself. Except as heretofore

expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 4 of the First Amended Complaint.

5. The Defendants admit that on or about March 10, 2010, the District announced its intent to not host the IAHS prom and affirmatively state that the School District's actions in withdrawing School District sponsorship of the school prom were permissible under *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503 (1969), and, further, that the School District's actions in reasonably concluding that a 20+ year old rule regarding attendance at school proms should continue to be imposed were justified on the basis that anticipated and material disruption of the educational process at IAHS would not otherwise be presented, thereby meeting the *Tinker* standard. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 5 of the First Amended Complaint.

6. The Defendants admit that the Plaintiff filed a Motion for Preliminary Injunction on or about March 16, 2010, and that said Motion speaks for itself. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 6 of the First Amended Complaint.

7. The Defendants admit that on March 22, 2010, the Court held a hearing on the Plaintiff's Motion for Preliminary Injunction. The Defendants admit that Defendant McNeece testified at said hearing that it was her belief that a parent sponsored prom was to be held at the Tupelo Furniture Market on April 2, 2010, and that Defendant McNeece further testified that it was her belief that said prom would be open to all students. The Defendants further admit that counsel for the Defendants stated at said hearing the District School Board "took into consideration that they felt comfortable that a social event would be held and that all students would be allowed to go". Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 7 of the First Amended Complaint.

8. The Defendants admit that on March 30, 2010, IAHS juniors and seniors were notified that a prom, which was open to all juniors and seniors, was to be held on April 2, 2010, at the Fulton Country Club. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 8 of the First Amended Complaint.

9. The Defendants expressly deny that the prom held at the Fulton Country Club was a "sham". The Defendants expressly deny that a separate "prom" was held at the Evergreen Community Center. Furthermore, the Defendants deny the remaining allegations contained in Paragraph 9 of the First Amended Complaint.

10. The Defendants expressly deny that there was no basis for their claim at the preliminary injunction hearing that a parent-sponsored prom was open to all students, and affirmatively state that a substantial, good faith basis existed for such claim. The Defendants expressly deny that they were involved in the planning and/or cancellation of the Tupelo Market prom, the planning of a "sham" prom at the Fulton Country Club or in coordinating any event held at Evergreen. Furthermore, the Defendants deny the remaining allegations contained in Paragraph 10 of the First Amended Complaint.

11. The Defendants deny the allegations contained in Paragraph 11 of the First Amended Complaint.

12. The Defendants admit that the Plaintiff argues that she has brought this action pursuant to 42 U.S.C. §1983. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 12 of the First Amended Complaint.

13. The Defendants admit that the Court has subject-matter jurisdiction herein. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 13 of the First Amended Complaint.

14. The Defendants admit that the Court has jurisdiction to declare the rights of the parties

and has the right to award necessary and proper relief. The Defendants admit that Rule 65 of the *Federal Rules of Civil Procedure* authorizes injunctive relief, but deny that injunctive relief is available, justified or appropriate in this proceeding. The Defendants admit that this Court has the authority to award costs and attorney's fees, but deny that Plaintiff has established any basis for entitlement thereto. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 14 of the First Amended Complaint.

15. The Defendants admit that venue is proper. The Defendants admit that Fulton, Mississippi, is in the Northern District of Mississippi, Eastern Division. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 15 of the First Amended Complaint.

16. The Defendants admit that the Plaintiff was a twelfth-grade student at IAHS and that she is eighteen years of age. The Defendants admit that the Plaintiff was under the authority and directive of the Defendants regarding school related matters only. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph16 of the First Amended Complaint.

17. The Defendants admit the allegations contained in Paragraph 17 of the First Amended Complaint.

18. The Defendants admit the allegations contained in Paragraph 18 of the First Amended Complaint.

19. The Defendants admit the allegations contained in Paragraph 19 of the First Amended Complaint.

20. The Defendants admit the allegations contained in Paragraph 20 of the First Amended Complaint.

21. The Defendants admit that the Plaintiff is eighteen years of age and that she was a senior

at IAHS. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 21 of the First Amended Complaint.

22. The Defendants admit that the Plaintiff has recently publically stated that she is lesbian. The Defendants are without sufficient knowledge to further admit or deny the remaining allegations in Paragraph 22 of the First Amended Complaint, and as such, they are therefore denied.

23. The Defendants admit that the Plaintiff has recently publically stated that she is lesbian. The Defendants are without sufficient knowledge to further admit or deny the remaining allegations in Paragraph 22 of the First Amended Complaint, and as such, they are therefore denied.

24. The Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 24 of the First Amended Complaint, and as such, they are therefore denied.

25. The Defendants admit the allegations contained in Paragraph 25 of the First Amended Complaint.

26. The Defendants admit that the Plaintiff expressed a desire that a female sophomore at IAHS be allowed to attend the prom. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 26 of the First Amended Complaint.

27. The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the First Amended Complaint, and accordingly deny same.

28. The Defendants deny the allegations contained in Paragraph 28 of the First Amended Complaint.

29. The Defendants admit that a true and correct copy of a Memorandum to all IAHS Juniors and Seniors from Sandy Prestage and Sandra Sabine is attached to the First Amended Complaint as Exhibit A. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 29 of the First Amended Complaint.

30. The Defendants admit the allegations contained in Paragraph 30 of the First Amended Complaint.

31. The Defendants admit that a true and correct copy of the Itawamba County School District Dress Code Policy is attached as Exhibit C to the First Amended Complaint and that said Dress Code Policy speaks for itself. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 31 of the First Amended Complaint.

32. The Defendants admit that female students may wear pants to school. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 32 of the First Amended Complaint.

33. The Defendants deny the allegations contained in Paragraph 33 of the First Amended Complaint.

34. The Defendants admit that Plaintiff was informed that each female student would be required to wear a dress to the prom. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 34 of the First Amended Complaint.

35. The Defendants admit that Plaintiff was informed that each female student would be required to wear a dress to the prom. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 35 of the First Amended Complaint.

36. The Defendants deny the allegations contained in Paragraph 36 of the First Amended Complaint.

37. The Defendants deny the allegations contained in Paragraph 37 of the First Amended Complaint.

38. The Defendants deny the allegations contained in Paragraph 38 of the First Amended Complaint.

39. The Defendants deny the allegations contained in Paragraph 39 of the First Amended

Complaint.

40. The Defendants deny the allegations contained in Paragraph 40 of the First Amended Complaint.

41. The Defendants admit that the Court held a hearing on Plaintiff's Motion for Preliminary Injunction on March 22, 2010. The Defendants admit that they withdrew sponsorship of the IAHS prom for reasons such as concerns about teacher time spent organizing the prom and district liability over potential student drinking and drug use. The Defendants admit that a true and correct copy of the Preliminary Injunction hearing transcript is attached to the First Amended Complaint as Exhibit D and that it speaks for itself. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 41 of the First Amended Complaint.

42. The Defendants admit that Ms. McNeece testified at the Preliminary Hearing that she had been told that there would be a prom at the Tupelo Furniture Market. The Defendants admit that a true and correct copy of the Preliminary Injunction hearing transcript is attached to the First Amended Complaint as Exhibit D and that it speaks for itself. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 42 of the First Amended Complaint.

43. The Defendants admit that Ms. McNeece testified at the Preliminary Hearing that it was her belief that there were "no invitations per se being sent out" and that it was her belief that the prom "would be open to all students". The Defendants admit that a true and correct copy of the Preliminary Injunction hearing transcript is attached to the First Amended Complaint as Exhibit D and that it speaks for itself. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 43 of the First Amended Complaint.

44. The Defendants admit that counsel made the quoted statement. The Defendants admit that a true and correct copy of the Preliminary Injunction hearing transcript is attached to the First

Amended Complaint as Exhibit D and that it speaks for itself. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 44 of the First Amended Complaint.

45. The Defendants admit the allegations contained in Paragraph 45 of the First Amended Complaint.

46. The Defendants admit that on March 23, 2010, the Court issued an Opinion Denying Motion for Preliminary Injunction and an Order Denying Motion for Preliminary Injunction in this matter. The Defendants admit that said Opinion and Order are filed in this matter and that they speak for themselves. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 46 of the First Amended Complaint.

47. The Defendants admit the allegations contained in Paragraph 47 of the First Amended Complaint.

48. The Defendants admit that the Court stated "that requiring Defendants to step-back into a sponsorship role at this late date would only confuse and confound the community on the issue." The Defendants admit that an Opinion and Order are filed in this matter and that they speak for themselves. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 48 of the First Amended Complaint.

49. The Defendants deny the allegations contained in Paragraph 49 of the First Amended Complaint.

50. The Defendants admit that a true and correct copy of a letter from Christine Sun to Michele Floyd and Benjamin E. Griffith, dated March 26, 2010, is attached to the First Amended Complaint as Exhibit E and that said letter speaks for itself. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 50 of the First Amended Complaint.

51.  The Defendants admit that a true and correct copy of a letter from Christine Sun to Michele Floyd and Benjamin E. Griffith, dated March 26, 2010, is attached to the First Amended Complaint as Exhibit E and that said letter speaks for itself.  Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 51 of the First Amended Complaint.

52.  The Defendants would state affirmatively that posters were placed at IAHS several days before Saturday, March 27, 2010, notifying all students of the prom and the deadline to request tickets.  These were days that Plaintiff was at school, and upon information and belief other students saw these posters and requested tickets prior to the deadline. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 52 of the First Amended Complaint.

53.  The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 53 of the First Amended Complaint, and accordingly deny same.

54.  The Defendants admit that Superintendent McNeece and counsel for Defendants, Michele Floyd, attended a meeting on March 29, 2010.  The Defendants deny that the parents were encouraged to cancel the Tupelo prom for any reason, and further deny that the parents decided instead to hold two proms, one for the Plaintiff and another for her classmates.  Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 54 of the First Amended Complaint.

55.  The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the First Amended Complaint, and accordingly deny same.

56.  The Defendants admit the allegations contained in Paragraph 56 of the First Amended

Complaint.

57. The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the First Amended Complaint, and accordingly deny same.

58. The Defendants admit that on the evening of Friday, April 2, 2010, Constance McMillen attended the Fulton Country Club prom and that she had four or five people with her. The Defendants admit that Constance McMillen was dressed in a tuxedo. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 58 of the First Amended Complaint.

59. The Defendants admit that Constance McMillen and several people arrived at the Fulton Country Club at approximately 8:30 p.m. The Defendants admit that Defendant Wiygul and other IAHS faculty members were in attendance. The Defendants are without sufficient information upon which to base a belief as to the truth or falsity of the allegation that when the Plaintiff returned home that evening that she broke down in tears, and accordingly deny same. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 59 of the First Amended Complaint.

60. The Defendants deny that the Fulton Country Club was not "the prom for the juniors and seniors of Itawamba Agricultural High School" as represented by the Defendants. The Defendants are without sufficient information to admit or deny if the vast majority of IAHS junior and seniors had been invited to a social event in the Evergreen, Mississippi community, and the same is therefore denied. The Defendants admit that photographs of a social event in Evergreen circulated on the Internet. Defendants affirmatively state that the first page of photographs purported by the Plaintiff to be sample pictures of the social event at Evergreen are in fact photographs of a group of students who did not attend the social event at Evergreen or the prom at the Fulton Country Club, but instead

went to Memphis, Tennessee. Furthermore, the Defendants would affirmatively state that the second page of photographs purported by the Plaintiff to be sample pictures of the social event at Evergreen are in fact not pictures of IAHS students, are not pictures of the social event at Evergreen, are not pictures of the Fulton Country Club prom and are unknown to the Defendants. The Defendants are without sufficient information to admit or deny that a classmate asserted in Internet postings that a prom was organized to exclude the Plaintiff. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 60 of the First Amended Complaint.

61. The Defendants deny that they had no basis for their representation at the Preliminary Injunction hearing that the Plaintiff would be welcome to attend a parent-sponsored prom and would affirmatively state they clearly believed that the Plaintiff would be welcome to attend, and that she did, in fact, later attend a parent-sponsored prom. The Defendants deny that they were involved in the planning and/or cancellation of the "parent-sponsored" prom at the Tupelo Furniture Market. The Defendants deny that they were involved in the reinstatement and planning of a "sham prom" at the Fulton Country Club. The Defendants deny that they were involved in the planning of the Evergreen social event and would affirmatively state that it was conducted without any participation or planning by the Defendants. The Defendants affirmatively state that some of the official capacity Defendants were involved in the planning of a "real prom" at the Fulton Country Club.

62. The Defendants admit that a true and correct copy of a letter from Christine P. Sun to Michele Floyd and Benjamin E. Griffith, dated April 15, 2010, is attached to the First Amended Complaint, and that said letter speaks for itself. Except as heretofore expressly admitted, the Defendants deny the remaining allegations contained in Paragraph 62 of the First Amended Complaint.

63. The Defendants admit the allegations contained in Paragraph 63 of the First Amended

15

Complaint.

64. The Defendants deny the allegations contained in Paragraph 64 of the First Amended Complaint.

65. The Defendants deny the allegations contained in Paragraph 65 of the First Amended Complaint.

66. The Defendants deny the allegations contained in Paragraph 66 of the First Amended Complaint.

The Defendants deny that the Plaintiff is entitled to any of the relief contained in Paragraphs (I), (ii), (iii), (iv), and (v) of the Prayer for Relief in the First Amended Complaint.

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, the Defendants pray that this Court grant the following relief:

(A) That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses;

(B) That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever; and,

(C) That this Court award these Defendants their attorney fees, costs and expenses associated with the defense of the instant civil action pursuant to *Fed. R. Civ. Proc. 11*, and *42 U.S.C. §1988*.

**RESPECTFULLY SUBMITTED** this the 21st day of May, 2010.

                                **GRIFFITH & GRIFFITH**

                                By: */s/ Ben Griffith*
                                    Benjamin E. Griffith, MSB #5026

Of Counsel:

**GRIFFITH & GRIFFITH**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732

Telephone:  662-843-6100
Facsimile:  662-843-8153

**MICHELE H. FLOYD**
Itawamba County School District
605 South Cummings St.
Fulton, MS 38843
Telephone: 662-862-2159
Fax: 662-862-4713

**CERTIFICATE OF SERVICE**

I, Benjamin E. Griffith, one of the attorneys for Defendants, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer of Defendants to First Amended Complaint* to be delivered by the federal ECF filing system to:

Bear Atwood
bearatwood@aclu-ms.org

Christine P. Sun
csun@aclu.org

Norman C. Simon
Joshua Glick
nsimon@kramerlevin.com
jglick@kramerlevin.com

**FILED** this 21st day of May, 2010.

_/s/ Ben Griffith_
Benjamin E. Griffith, MSB #5026